■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ADRIAN LAWRENCE, Respondent. [648 NYS2d 907] —Order, Supreme Court, New York County (Herbert Altman, J.), entered July 10, 1995, which granted defendant's motion to suppress physical evidence and statements, and dismissed the indictment against defendant, unanimously affirmed.

According due deference to the hearing court's findings of fact and credibility (*People v Rivera*, 121 AD2d 166, *affd* 68 NY2d 786), the circumstances surrounding the police approach to defendant did not give rise to a founded suspicion that criminality was afoot, rendering the police common-law inquiry unlawful (*People v Hollman*, 79 NY2d 181, 185). Thus, the hearing court properly suppressed physical evidence and statements as the tainted fruit of the unlawful police procedure (*Wong Sun v United States*, 371 US 471). Concur—Murphy, P. J., Rubin, Ross, Williams and Andrias, JJ.

■ CHRISTOS MITSIS, Appellant, v CITIBANK, N. A., et al., Respondents. (And a Third-Party Action.) [648 NYS2d 907] —Order, Supreme Court, New York County (Emily Goodman, J.), entered June 23, 1995, which denied plaintiff's motion for summary judgment and, *sub silentio*, denied plaintiff's motion for a default judgment, unanimously affirmed, without costs.

Material questions of fact, including the circumstances surrounding the alleged lost check at issue here, clearly exist at this stage of the litigation. We note that plaintiff has yet to be deposed and that discovery continued throughout the pendency of the instant motion.

Since the two defendants are clearly united in interest, the timely joint answer, verified by one of them, was plainly sufficient to join issue (*see*, CPLR 3020 [d]).

We have considered plaintiff's other claims and find them to be without merit. Concur—Murphy, P. J., Rubin, Ross, Williams and Andrias, JJ.